J-S51024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES PARKER, | |
| Appellant | No. 3743 EDA 2016 |

Appeal from the Order Entered October 31, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0303791-2001

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 17, 2017**

Appellant, James Parker, appeals from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A previous panel of this Court summarized the facts and procedural history of this case as follows:

> In January 2001, Appellant, driving a stolen vehicle and under the influence of cocaine, collided with another vehicle. ***Commonwealth v. Parker***, No. 2447 EDA 2002 at 2 (Pa. Super. unpublished memorandum filed Jul. 30, 2003).  The collision killed the driver, and severely injured the two passengers, of the other vehicle. ***Id.***
>
> Appellant pleaded *nolo contendere* to murder in the third degree, and pleaded guilty to aggravated assault, aggravated

---

[*]  Former Justice specially assigned to the Superior Court.

- 1 -

assault by vehicle while driving under the influence ("DUI"), and other offenses. *Id.* at 1. On May 22, 2002, the trial court imposed an aggregate sentence of twenty-one to forty-two years. *Id.* at 2. Appellant filed a post-sentence motion for reconsideration of sentence, which was denied. *Id.*

On July 30, 2003, this Court affirmed the judgment of sentence in an unpublished memorandum. *Id.* This Court held, *inter alia*, that the aggravated assault and aggravated assault by vehicle while DUI sentences did not merge and that Appellant's claim that his sentence was "manifestly excessive" did not present a substantial question warranting review. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 19, 2003.

Appellant filed a timely PCRA petition in November 2004, which was denied in January 2007. No appeal was taken. On October 19, 2009 Appellant filed [his second PCRA petition, *pro se*], and on March 5, 2010, a *pro se* amended petition. The PCRA court opinion state[d] that on September 23, 2010, it forwarded to Appellant a Pa.R.Crim.P. 907 notice of intent to dismiss without hearing.[3] PCRA Ct. Op., 1/31/11, at 1. Appellant filed a response, but the court found the issues therein to be insufficient to warrant an evidentiary hearing. *Id.* On October 28, 2010, the PCRA court dismissed the petition as untimely.

> [3] The certified record does not include the Rule 907 notice. However, a July 8, 2010 entry on the trial docket states: "[Appellant] is proceeding pro se' [sic] amended petition was untimely/continued for response if any, 907 letter **to be sent**, continued to 9/23/10 Room 200." Docket, 2/8/11, at 18

*Commonwealth v. Parker*, 37 A.3d 1239, 3217 EDA 2010 (Pa. Super. filed October 21, 2011) (unpublished memorandum at 1-2) (emphasis in original).

This Court affirmed the PCRA court's order denying Appellant's second PCRA petition as untimely on October 21, 2011. *Parker*, 3217 EDA 2010.

The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 11, 2012. ***Commonwealth v. Parker***, 42 A.3d 1059, 680 EAL 2011 (Pa. April 11, 2012).

On July 1, 2015, Appellant filed a petition for writ of *habeas corpus*. In his petition, Appellant presents the following issue: "Does this Court have authority to vacate a sentence that has been unlawfully imposed upon [Appellant] in violation of due process." Petition for Writ of *Habeas Corpus ad subjiciendum*, 7/1/15, at 2. The court of common pleas treated this filing as a PCRA petition, and denied it without a hearing on October 31, 2016. Trial Court Opinion, 2/8/17, at 1. Appellant filed a notice of appeal on November 25, 2016.

Appellant presents the following issue for our review: "Whether the lower court erred in failing to merge Appellant's unlawfully imposed sentence in violation of due process and loss of liberty as the privilege of the Writ of Habeas Corpus is not to be suspended?" Appellant's Brief at 3. Appellant further contends that the court of common pleas erred in treating his writ of *habeas corpus* as a PCRA petition. ***Id.*** at 8-10.

Initially, we must ascertain whether this matter is properly before us. We begin by determining whether the PCRA court correctly considered Appellant's petition to be a PCRA petition. If so, we then determine whether the petition satisfied the timeliness requirements of the PCRA.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute demonstrates that the Pennsylvania General Assembly intended that claims that could be brought under the PCRA must be brought under that act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id.* at 1235 (citations omitted). "By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief." *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001). "[A] defendant cannot escape the PCRA time-bar by titling his

petition or motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013).

The question then is whether the particular claim at issue, *i.e.* whether Appellant's sentence was unlawfully imposed in violation of due process, is available to him under the PCRA. It is beyond dispute that a challenge to the legality of one's sentence is cognizable under the PCRA. ***See Taylor***, 65 A.3d at 465–467 (deeming petition for *habeas corpus* relief from purportedly illegal sentence a PCRA petition because claim challenging legality of sentence is cognizable under PCRA); ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004) (recognizing issues concerning legality of sentence are cognizable under PCRA).

Because such claim is cognizable under the PCRA, Appellant is precluded from seeking relief on this claim pursuant to a petition for writ of *habeas corpus*. Thus, the PCRA court had no authority to entertain this claim except under the strictures of the PCRA. We, therefore, consider Appellant's writ and its underlying legality of sentence claim under the rubric of the PCRA.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be

disturbed unless there is no support for the findings in the certified record. *Id*.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42

---

[1] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Hernandez***, 79 A.3d 649, 652 (Pa. Super. 2013).

Our review of the record reflects that Appellant was sentenced on May 22, 2002. Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on July 30, 2003. ***Commonwealth v. Parker***, 832 A.2d 541, 2447 EDA 2002 (Pa. Super. filed July 30, 2003). Appellant filed a petition for allowance of appeal which was denied on December 19, 2003. ***Commonwealth v. Parker***, 841 A.2d 530, 409 EAL 2003, (Pa. December 19, 2003). Appellant did not file a petition for writ of *certiorari*.

Accordingly, Appellant's judgment of sentence became final on March 18, 2004, when the time for seeking *certiorari* from the United States

*(Footnote Continued)* ⸺⸺⸺⸺⸺

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Supreme Court expired.[2]  **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").  Therefore, Appellant had to file the current PCRA petition by March 18, 2005, in order for it to be timely.  Appellant did not file the instant PCRA petition, his third, until July 1, 2015.  Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA.  42 Pa.C.S. § 9545(b)(1).  If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.  42 Pa.C.S. § 9545(b)(2).  This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence.  **See Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

_____

[2]  Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court.  **Commonwealth v. Hackett**, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

Our review of the record reflects that Appellant has not alleged, nor has he proven, that any of the three exceptions to the timeliness requirement of the PCRA is satisfied. 42 Pa.C.S. § 9545(b)(1). Thus, the PCRA court did not err in denying Appellant's untimely PCRA petition.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2017

- 9 -